IN RE ENGLISH.

Opinion delivered April 5, 1901.

1. *Municipal Corporations—Powers Regarding Erection of Buildings
   Within Fire Limits—Ultra Vires.*

   An ordinance was passed by the council of a municipal corpor-
   ation within the Indian Territory prohibiting the erection of
   wooden buildings of a certain height and width within the
   established fire-limits of said city. Mansf. Dig. Sec. 752 (Ind.
   Ter. Stat. Sec. 522), extended over and put in force in the In-
   dian Territory, gives such corporations power to regulate the
   building of houses; make regulations for the purpose of guard-
   ing against accidents by fire, and prohibit the erection of any
   building "more than ten feet high, unless of brick", etc. *Held,*
   That the city has no power to adopt an ordinance prohibiting
   the erection of wooden buildings "not exceeding ten feet
   square," such action of the corporation being ultra vires.

   Appeal from the United States Court for the Northern
District.

JOHN R. THOMAS, Judge.

Petition for a writ of habeas corpus by Albert Z. English. Appeal from an order denying the petition and remanding petitioner to custody. Reversed.

*Hutchings & West*, for appellant.

*Charles Von Weise*, for appellee.

CLAYTON, C. J.   On the 1st day of November, 1899, the appellant, Albert Z. English, a resident of the incorporated town of Muskogee, was arrested and brought before the mayor of said town for a violation of ordinance No. 30, and was fined $2.50 and costs. In default of payment of said fine, he was committed to the custody of the marshal. He immediately sued out the writ of habeas corpus involved herein, which was tried on Saturday, November 4, 1899. The petition sets forth sections of the ordinance which the appellant violated, he having built some wooden buildings within the fire district $9\frac{1}{2}$ feet high, but admittedly of greater width than those allowed under the ordinance   The ordinance only permitted out-houses not exceeding ten feet square to be constructed of wood, or wood and corrugated iron. Plaintiff contended that, under the laws of Arkansas, he could erect necessary outbuildings of any width, provided they did not exceed 10 feet in height.   The town appeared by its attorney and demurred to the petition, and the demurrer was sustained by the court, and it is from that ruling this appeal is prosecuted.

The sections of the city ordinance referred to are as follows:

"Sec. 2.   No building shall be erected within the aforesaid district [the fire limits] except as hereinafter pro-

vided, unless the same shall be constructed of brick, stone, or other fire-proof material.

"Sec. 3. Sheds not exceeding 12 feet in height at the highest part thereof, and necessary out-houses not exceeding ten feet square and 12 feet high at the highest part, may be constructed of wood, or wood and corrugated iron; provided, that the term shed shall be construed to mean a structure with one or more sides thereof entirely open."

It is contended that the provisions of this ordinance which prohibits the erection of wooden outhouses more than 10 feet square, although they may be within the prescribed height, is in violation of section 752, Mansf. Dig. (section 522, Ind. T. Ann. St. 1899), which reads as follows: "They shall have power to regulate the building of houses; to make regulations for the purpose of guarding against accidents by fire, and to prohibit the erection of any building or any addition to any building, more than ten feet high, unless the outer walls thereof be made of brick and mortar, or of iron, or stone and mortar; and to provide for the removal of any building or additions erected contrary to such prohibition." The first two clauses of the above section, that municipal governments shall have power "to regulate the building of houses," and to make "regulations for the purpose of guarding against accidents by fire," together with the general welfare clause ingrafted in section 764, Mansf. Dig. (section 534, Ind. T. Ann. St. 1899), that "municipal corporations shall have power to make and publish by-laws and ordinances not inconsistent with the laws of the state * * * as to them shall seem necessary to provide for the safety, preserve the health, promote the prosperity, and improve the morals, order, comfort and convenience of such corporations and the inhabitants thereof," are unquestionably sufficiently broad and comprehensive to include the power to prescribe

the dimensions of wooden buildings, or to prohibit their erection altogether, within the fire-limits of a city or town. "The decided weight of authority in this country is that municipal corporations have the power, under the general welfare clauses usually contained in their charters, without express legislative grant, to establish fire limits, forbidding the erection of wooden buildings within such limits, when such regulations are not inconsistent with the general laws of the state." See Am. & Eng. Enc. Law, 1170, and note 1, where the authorities are collated. But the clause of section 752, Mansf. Dig. (section 522, Ind. T. Ann St. 1899), above set out, granting the power to cities and towns to prohibit the erection of wooden buildings, expressly limits that power to buildings more than 10 feet high. The language is: "And to prohibit the erection of any building, or any addition to any building, more than ten feet high, unless the outer walls," etc. The statute is silent as to any dimensions except as to height, and therefore the power to prohibit the erection of buildings at all springs into existence only when the height mentioned in the statute is exceeded. And as the city council is the creation of the statute, and derives all its powers from it, it can pass no ordinance except such as the legislature, by statute, has authorized it to do; and, inasmuch as the legislature has seen fit to grant the power to prohibit the erection of wooden buildings only when their height exceeds 10 feet, the city council cannot enlarge its power by prescribing their length and breadth when under that height. The judgment of the court below in sustaining the demurrer and remanding the prisoner is therefore reversed, and the cause remanded, with directions to discharge the prisoner.

TOWNSEND and GILL, JJ., concur.